United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40949

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN PALACIOS-MUNGIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-04-CR-21
--------------------

Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Palacios-Mungia, the defendant, pled guilty to illegal reentry after previously having been convicted of transporting an illegal alien and deported. The district court chose to sentence Palacios-Mungia under the Sentencing Guidelines, selecting a sentence of fifty-seven months from a recommended range of between fifty-seven and seventy-one months.

Palacios-Mungia objects that the district court committed error by declaring that despite the decision in United States v.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005), it intended to "be bound by the guidelines, even though they are advisory now under prevailing Supreme Court authority." Palacios-Mungia argues that this is an impermissible return to the pre-Booker sentencing regime.

The Booker decision made clear that "[i]f the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." 125 S. Ct. at 750. We have noted that a district judge remains under an obligation post-Booker to "consider" the sentencing guidelines, and that "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines. Given the deference due the sentencing judge's discretion under the Booker / Fanfan regime, it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Here, the district court has stated its general intention to adhere to the advisory sentences recommended by the Guidelines. The district court has also recognized its willingness to sentence outside the Guidelines in "rare circumstances that require the

Court to temper seemingly Draconian penalties with a reasonable measure of mercy." <u>Booker</u> requires only that the Guidelines must not be mandatorily imposed on the district court. It does not bar a district court from voluntarily exercising its discretion to generally sentence within those Guidelines. The district court here did not err in sentencing Palacios-Mungia according to the recommendations of the Guidelines.

The defendant acknowledges that his objection to the facial constitutionality of 8 U.S.C. § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 118 S. Ct. 1219 (1998).

For the foregoing reasons, Palacio-Mungia's conviction and sentence are AFFIRMED.